**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00168-MR
(CRIMINAL CASE NO. 1:09-cr-00013-MR-DLH-7)**

| | | |
|---|---|---|
| DORIS DENISE FOSTER, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1] and the Government's Response to Petitioner's Motion to Vacate [Doc. 12].

## I.      BACKGROUND

*Pro se* Petitioner Doris Denise Foster seeks to vacate her conviction and sentence under 28 U.S.C. § 2255, asserting various claims of ineffective assistance of trial and appellate counsel, a claim for relief under the Fair Sentencing Act of 2010, and a claim for relief under Alleyne v. United States, 133 S. Ct. 2151 (2013).

## A.    Offense Conduct

In early 2007, the Asheville Police Department, the Buncombe County Sheriff's Department, and the United States Drug Enforcement Administration ("DEA") investigated and identified Petitioner Doris Denise Foster as a member of a drug trafficking organization operating in and around Asheville, North Carolina.  [Criminal Case No. 1:09-cr-00013, Doc. 551 at 5-6: PSR].  During the investigation, agents identified Petitioner's husband, Kenneth Foster, as a local crack cocaine dealer.  [Id. at 6]. Agents also determined that Petitioner was aiding and facilitating her husband in his drug dealing.  [Id.].  Specifically, investigators learned through wiretap intercepts that Petitioner purchased several kilograms of powder cocaine worth tens of thousands of dollars on her husband's behalf.  [Id.].  Petitioner also recruited other individuals to deal crack cocaine for Kenneth Foster.  [Id. at 6-7].

On February 5, 2009, investigators executed a search warrant at Petitioner's residence.  [Id., Doc. 572 at 4: Trial Tr.].  During the search, agents seized 156.6 grams of crack cocaine, 538.4 grams of powder cocaine, baking soda, ammonia, and $5,105 in cash.  [Id., Doc. 551 at 7]. When the officers entered the residence, Petitioner was in the kitchen, and crack cocaine was on the stove and powder cocaine on top of the

refrigerator. [Id., Doc. 572 at 39-45: Trial Tr.]. After the search, officers arrested both Kenneth Foster and Petitioner. [Id.].

Through the investigation, officers determined that Petitioner knew that Kenneth Foster received powder cocaine that would eventually be cooked into crack cocaine. [Id. at 39-42]. The evidence showed that the cocaine was stored openly in the home and that it was not concealed from Petitioner. [Id.]. In calculating the amount of drugs reasonably foreseeable to Petitioner, officers converted the three kilograms of cocaine powder from the cash transactions into 2,357.13 grams of crack cocaine and added the additional 156.6 grams of crack cocaine along with the 538.4 net grams of powder cocaine (which converts to 417.80 grams of crack cocaine) seized from the residence during the search. [Id., Doc. 551 at 7]. Based on this evidence, agents determined that it was reasonably foreseeable that Petitioner was responsible for 2,902.43 grams of crack cocaine. [Id.].

### B.    Procedural History

On February 17, 2009, the Grand Jury for the Western District of North Carolina charged Petitioner, along with fourteen co-defendants, in a two-count indictment with conspiracy to possess with intent to distribute fifty or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and knowingly and intentionally using a communication device to

facilitate the commission of the act alleged above, in violation of 21 U.S.C. § 843(b). [Id. at 5]. On March 4, 2010, following a jury trial, Petitioner was convicted of the drug conspiracy charge. [Id., Doc. 506: Jury Verdict]. The Government dismissed the second count against Petitioner. [Id., Doc. Entry Dated Mar. 4, 2010].

In preparation for sentencing, the probation officer prepared a presentence investigation report, recommending an advisory guideline range of 324 to 405 months in prison based on a total base offense level of 36 and a criminal history category of VI. [Id., Doc. 551 at 17]. The probation officer also noted that Petitioner faced a mandatory minimum sentence of ten years pursuant to 21 U.S.C. § 841(b)(1)(A). [Id.]. At sentencing, this Court overruled Petitioner's objections to the presentence report and adopted the recommended advisory guidelines range. [Id., Doc. 575 at 37: Sentencing Tr.]. The Court sentenced Petitioner to a below-guidelines sentence of 292 months in prison, varying downward in light of Petitioner's history and characteristics and the need to avoid unwarranted sentencing disparities with other members of the conspiracy.[1] [Id. at 53-55].

---

[1]Specifically, the Court observed that Petitioner's husband, Kenneth Foster, who "clearly was a leader within th[e] conspiracy," received a sentence of 360 months imprisonment, and the Court stated that sentencing Petitioner to 360 months

Petitioner appealed, challenging the quantity of drugs attributable to her and contending that she should have been sentenced according to proposed sentencing guidelines under Amendment 750 to the Guidelines. The Fourth Circuit affirmed in an unpublished opinion on November 4, 2011. United States v. Foster, 452 F. App'x 274 (4th Cir. 2011). Petitioner sought a writ of certiorari, which the Supreme Court denied on June 29, 2012. Foster v. United States, 133 S. Ct. 69 (2012).

Petitioner placed the instant motion to vacate in the prison system for mailing on June 11, 2013, and it was stamp-filed in this Court on June 17, 2013. [Doc. 1]. In the motion to vacate and her supporting memorandum, Petitioner contends that trial counsel provided ineffective assistance in that counsel (1) failed to conduct an adequate pretrial investigation by failing to interview the government's witnesses; (2) failed to communicate with Petitioner to keep her reasonably informed about the status of her case and provide her with discovery before trial; (3) failed to file various pretrial motions; (4) failed to object to the wiretap affidavit and search warrant; and (5) failed to challenge the drug quantity attributable to the defendant at

---

imprisonment "would have been too high a sentence, and for that reason I have backed off from that what is the equivalent of one criminal history category level." [Criminal Case No. 1:09cr13, Doc. 575: Sentencing Hearing Tr.]. The Court also explained that it had deviated from the guidelines range because the records for one of Petitioner's prior convictions had been destroyed, "thereby calling into question the conviction's accuracy, effectively reducing the criminal history category one level." [Id., Doc. 564 at 3: Statement of Reasons].

sentencing. Petitioner also brings a claim for ineffective assistance of appellate counsel, contending that counsel "failed to raise meritorious issues on appeal which were readily available and [Petitioner] requested that he raise." [Id.]. Finally, Petitioner contends that she is entitled to be resentenced under the Fair Sentencing Act of 2010 following the Supreme Court's decision in Dorsey v. United States, 132 S. Ct. 2321 (2012), and that she is also entitled to relief under Alleyne v. United States, 133 S. Ct. 2151 (2013).

After receiving multiple extensions of time to do so, the Government filed a Response opposing Petitioner's motion on December 20, 2013. [Doc. 12]. On January 10, 2014, Petitioner filed a motion requesting an extension of time to file a reply to the Government's Response. [Doc. 13]. The Court granted Petitioner's motion, extending the time for her to file a reply until February 7, 2014. [Doc. 14]. The Court received Petitioner's Reply on February 11, 2014.[2] [Doc. 15].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to

---

[2] Petitioner's Reply indicates that she placed it in the prison mailing system on February 5, 2014. Accordingly, the Court will consider her pleading to have been timely filed.

determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the

burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

### A. Petitioner's Claims of Ineffective Assistance of Trial Counsel

#### 1. Counsel's Failure to Interview Government Witnesses Before Trial

Petitioner first contends that trial counsel rendered ineffective assistance by failing to interview the prosecution's witnesses before trial. This claim is without merit. Under Strickland, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. When a petitioner alleges that counsel's failure to investigate resulted in ineffective assistance of counsel, the petitioner must proffer specific information as to what the investigation would have produced. See Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996).

Petitioner contends that if counsel had interviewed the prosecution's witnesses before trial "he could have been prepared to cross-examine them and refute their testimony which was critical to the government's case."

8

[Doc. 2 at 14]. This claim is without merit, as providing effective assistance at trial does not require counsel to interview the prosecution's witnesses before trial. Moreover, trial counsel adequately cross-examined the prosecution's witnesses at Petitioner's trial. Finally, Petitioner has offered no basis for this Court to conclude that there is a reasonable probability that the outcome of her trial would have different if counsel had interviewed these witnesses before trial. Accord United States v. Coles, No. 1:13cv159, 2013 WL 1947259, at *4 (E.D. Va. May 9, 2013) ("[Petitioner] fails to specify what information would have been obtained from interviews of government witnesses, and therefore does not establish how those interviews would have produced a different result at trial.").

Here, the evidence of Petitioner's participation in the conspiracy and her knowledge of Kenneth Foster's drug dealing was overwhelming. At trial, the Government presented ample evidence that she conducted drug transactions on behalf of Kenneth Foster. Furthermore, when agents entered Petitioner's home with a search warrant Petitioner was found in the kitchen, where ingredients and materials used to make crack cocaine were in plain sight. In sum, Petitioner cannot satisfy her burden under Strickland to show that counsel rendered ineffective assistance based on his failure to interview the prosecution's witnesses before trial.

## 2. Counsel's failure to communicate with Petitioner to keep her reasonably informed about the status of her case and provide her with discovery before trial

Petitioner next alleges that trial counsel failed to communicate with her while she was in jail and thereby prevented her from assisting in trial preparation. For instance, Petitioner argues that if counsel had spent "any meaningful time with [Petitioner], he would have learned that [Petitioner] had very important information about the government's witnesses and defense witnesses that could have testified on her behalf." [Doc. 1-1 at 15]. Petitioner also contends that counsel "would have discovered that the confidential informants . . . in [Petitioner's] case were not telling the truth and were testifying for personal gain." [Id.].

As a general rule, attorneys are required to keep their clients reasonably informed concerning the status of their matters. Robinson v. Wix Filtration Corp., 599 F.3d 403, 409 n.7 (4th Cir. 2010). To support a claim that defense counsel failed to keep the defendant reasonably informed, the petitioner must affirmatively prove prejudice that is actual and substantial. Branker, 512 F.3d at 120. Here, Petitioner's allegations are merely conclusory and, in any event, she has not shown how counsel's alleged failure to communicate with her before trial prejudiced Petitioner. For instance, Petitioner does not state what information she had about

either the government or defense witnesses that would have helped her case at trial. Furthermore, defense counsel adequately cross-examined these witnesses at Petitioner's trial. In sum, this claim of ineffective assistance of counsel fails.

### 3. Counsel's failure to file various pretrial motions

Petitioner next contends that counsel should have filed various pre-trial motions "to exclude evidence and/or testimony prior to and during trial." [Doc. 1-1 at 13]. For instance, Petitioner contends that trial counsel should have filed a motion to suppress evidence, a motion for discovery, a request under Rule 404(b) of the Federal Rules of Evidence, a motion for Brady/Giglio material, a "motion to compel agents to preserve rough notes," and a "motion for identity of confidential information and for equal access for purposes of interview." [Id.]. Petitioner's contention is without merit, as Petitioner has not shown that counsel's failure to bring any of these motions constituted deficient performance or that bringing the motions would have altered the outcome of Petitioner's trial. As the Court has already observed, the evidence of Petitioner's participation in the conspiracy was overwhelming, and Petitioner has simply not shown that any of these proposed motions by counsel would have been granted or that

they would have made any difference in the outcome of Petitioner's trial.  In

sum, this claim of ineffective assistance of counsel fails.

> **4.  Counsel's failure to challenge and object to the sufficiency of the search warrant and the wiretap applications**

Petitioner next contends that she received ineffective assistance of

trial counsel because counsel failed to challenge and object to the

sufficiency of the search warrant and the wiretap applications.  The Fourth

Amendment prohibits unreasonable searches and seizures and requires

warrants to be supported by probable cause.  U.S. Const. amend. IV.  As to

counsel's failure to challenge the search warrant in this case, Petition has

presented nothing to indicate that the execution of the search warrant

violated the Fourth Amendment and that a motion to suppress the evidence

would have been successful and would have affected the outcome of her

trial.   The search warrant was obtained after agents intercepted telephone

calls regarding daily drug trafficking activities and observed what appeared

to be daily drug trafficking activities occurring from Petitioner's home.

Because any challenge by defense counsel to the warrant would have

failed, Petitioner has not met her burden of proof in showing that her trial

counsel's assistance was unreasonable for failing to file a motion to

suppress the evidence obtained through the execution of the search warrant. In sum, this claim of ineffective assistance of counsel fails.

Petitioner also contends that counsel rendered ineffective assistance by failing to challenge the affidavit presented by the DEA in support of the Government's wiretap investigation. Petitioner speculates in her memorandum in support of the motion to vacate that the affidavit was defective and did not contain information required by 18 U.S.C. § 2518(1)(c), which requires a statement by law enforcement as to whether other investigative procedures have been tried and failed or why other investigative procedures would be unsuccessful or too dangerous. The application for the wiretap was authorized and signed on December 5, 2008, and Petitioner has not provided any more than speculation that the application did not comply with 18 U.S.C. § 2518(1)(c). [See Criminal Case No. 1:09-cr-13, Doc. 572 at 14-17]. Moreover, DEA agents testified at trial that agents had exhausted "other avenues of investigation," such as making a direct buy from Kenneth Foster, because those other methods had been unsuccessful. See [Id. at 70]. The DEA Special Agent also testified that the purpose of the wiretap was to identify Kenneth Foster's vast network of customers and the source of the cocaine. [Id. at 73]. In sum, Petitioner has not shown that counsel's failure to challenge the

affidavit in support of the wiretap constituted ineffective assistance of counsel. Thus, this claim of ineffective assistance of counsel fails.

**5.    Counsel's failure to challenge the drug amount attributable to Petitioner at sentencing**

Finally, Petitioner contends that she received ineffective assistance of trial counsel because counsel did not challenge the drug amount that was attributable to her at sentencing. This contention is without merit. Contrary to Petitioner's assertion, counsel <u>did</u> object to the quantity of drugs attributable to Petitioner and counsel argued extensively in support of the objection at Petitioner's sentencing hearing. [<u>See</u> Criminal Case No. 1:09-cr-13, Doc. 575 at 5-22: Sentencing Tr.]. This Court overruled the objection, finding that the amount of cocaine base reasonably foreseeable to Petitioner was within the guideline range of 1.5 and 4.5 kilograms. [<u>Id.</u> at 22]. Thus, Petitioner's contention that counsel did not challenge the drug amount attributable to her is simply without merit and this claim of ineffective assistance of counsel also fails.[3]

---

[3]  Moreover, the wiretap, the physical surveillance by DEA agents, and the items seized from Petitioner's residence during the execution of the search warrant was more than enough evidence to support this Court's finding as to the drug amount by a preponderance of the evidence. <u>See</u> <u>United States v. Brooks</u>, 524 F.3d 549, 561-62 (4th Cir. 2008) (noting that at sentencing the drug amount attributable to the defendant must be proven by a preponderance of the evidence).

**B.** **Petitioner's Claims of Ineffective Assistance of Appellate Counsel**

On appeal, Petitioner's appellate counsel challenged the quantity of cocaine base attributable to Petitioner and the Court's failure to resentence Petitioner based on the revised federal sentencing guidelines. In support of her claim of ineffective assistance of appellate counsel, Petitioner contends that appellate counsel should have raised additional issues on appeal, such as a "Rule 801 violation" and the "government's Brady/Giglio violation." [See Doc. 1-1 at 13-14]. Here, Petitioner appears to be arguing that appellate counsel should have challenged the indictment as being based on statements from confidential informants that were inadmissible under Rule 801(d)(2)(E) of the Federal Rules of Evidence. This claim is without merit. Petitioner's appellate counsel was not ineffective for failing to raise these claims. First, according to the Government, contrary to Petitioner's assertion, the evidence used to support the indictment included wiretaps, video surveillance of the home, and searches, and it was not dependent on statements by Petitioner's co-conspirators. In any event, Rule 801(d)(2)(E) governs the admissibility of co-conspirators' statements at trial and does not restrict the evidence on which the government bases an indictment. Accordingly, any challenge to the indictment under Rule 801(d)(2)(E) on Petitioner's appeal would have been unsuccessful.

Furthermore, a defendant found guilty beyond a reasonable doubt may not challenge the sufficiency of her indictment because the finding of guilty "'demonstrates a fortiori' that there was probable cause to charge [her] in the first place." Jackson v. United States, 473 F. Supp. 2d 640, 644 (D. Md. 2006) (quoting United States v. Mechanik, 475 U.S. 66, 67 (1986)). Here, the jury found Petitioner guilty of conspiracy to possess and distribute cocaine base beyond a reasonable doubt. Accordingly, Petitioner is unable to satisfy the performance prong of the Strickland test because she is unable to show that her counsel's performance was unreasonable.

Petitioner also contends that appellate counsel was ineffective for failing to challenge an alleged Brady/Giglio violation, claiming that the government failed to release material regarding wiretaps and the probable cause for the search warrant. Generally, the prosecution's failure to disclose exculpatory evidence gives rise to a due process violation where "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Kyles v. Whitley, 514 U.S. 419, 435 (1995). Petitioner has failed to show with any particularity, however, what exculpatory or impeachment information was withheld by the government. It is Petitioner's burden to put forth particular evidence in which the government withheld material, and Petitioner has

failed to do this.  Furthermore, not only does Petitioner fail to allege the nature of the error, but she also fails altogether to allege the prejudice that resulted.  As such, Petitioner's claim is insufficient and fails to satisfy either prong under Strickland.

**C.  Petitioner's Claim that She Is Entitled to Relief under the Fair Sentencing Act of 2010**

Petitioner next contends that she should be resentenced under the Fair Sentencing Act of 2010 in light of Dorsey v. United States, 132 S. Ct. 2321, 2336 (2012).  In Dorsey, the Supreme Court held that the Fair Sentencing Act, which reduced the crack-to-powder cocaine disparity for purposes of the mandatory penalties under the Controlled Substances Act, applied retroactively to offenders whose crimes preceded the effective date but who were sentenced after the effective date of August 3, 2010. Petitioner was sentenced on September 22, 2010.  Although Petitioner was subject to a mandatory-minimum term of ten years in prison under the Controlled Substances Act, 21 U.S.C. § 841(b)(1)(A), her advisory guidelines range of 324 to 405 months exceeded the otherwise applicable statutory mandatory-minimum sentence.  [Criminal Case No. 1:09-cr-13, Doc. 551 at 17: PSR].  Furthermore, in sentencing Petitioner to 292 months in prison, there is no evidence that this Court felt constrained from sentencing Petitioner to a lower sentence based on the application of the

ten-year mandatory minimum.  Accordingly, Petitioner is unable to establish

prejudice, and her claim, therefore, fails.  See United States v. Sturdivant,

492 Fed. App'x 433, 434 (4th Cir. 2012).

To the extent Petitioner challenges the calculation of her guidelines

range, such a claim is not only not cognizable in a § 2255 motion, but it is

also without merit.  In response to the Fair Sentencing Act, the United

States Sentencing Commission passed Amendment 750, retroactively

amending the crack cocaine guidelines.  Due to the quantity of drugs

reasonably foreseeable to Petitioner, however, she was not eligible for

relief in light of this change.  [Criminal Case No. 1:09-cr-00013, Doc. 664:

Notice].   Accordingly, even if a § 2255 motion to vacate was the

appropriate vehicle for raising such a claim, which it is not, Petitioner's

challenge to the calculation of her guidelines range is without merit.

### D.     Petitioner's Claim that She Is Entitled to Relief under Alleyne

Petitioner also claims that she is entitled to relief in light of the

Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct.

2151 (2013), in which the Supreme Court held that any fact that triggers a

mandatory minimum sentence is an element of the crime that must be

submitted to the jury for proof beyond a reasonable doubt.  Alleyne does

not, however, impact the district court's ability to calculate the amount of

drugs reasonably foreseeable to a defendant for guidelines purposes.  See United States v. Mason, No. 12-4934, 2013 WL 6172545, at *1 (4th Cir. Nov. 26, 2013).  Furthermore, as the Court has noted, Petitioner's sentence was not impacted by a statutory mandatory minimum.  Finally, the Supreme Court has not held that Alleyne is retroactive on collateral review.  For all these reasons, Petitioner is not entitled to relief under Alleyne.

## IV.    CONCLUSION

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief, and the Court will, therefore, dismiss the motion to vacate.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).    Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. at 484-85.  As a result, the Court declines to issue a

certificate of appealability.  See Rule 11(a), Rules Governing Section 2255

Proceedings for the United States District Courts, 28 U.S.C. § 2255.


**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255

Amended Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is

**DENIED** and **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Court declines to issue a

certificate of appealability.

**IT IS SO ORDERED.**

Signed: February 26, 2014

Martin Reidinger
United States District Judge